# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER L. HARRIS, )<br>)<br>    Petitioner, )<br> v. )<br>)<br>)<br>MARTY C. ANDERSON, )<br>)<br>    Respondent. ) | Civil Action<br>No. 10-3227-CV-S-RED-H |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner, an inmate formerly confined in the United States Medical Center for Federal Prisoners, petitions this Court for a writ of habeas corpus in which he challenges actions of the Bureau of Prisons ["BOP"]. The petition has been referred to the undersigned for preliminary review under 28 U.S.C. § 636(b). Because petitioner has failed to state a constitutional violation and failed to exhaust administrative remedies, it will be recommended that he be denied leave to proceed in forma pauperis.

As grounds for relief in habeas corpus, petitioner alleges that he was involuntarily placed in lock-up and under investigation on June 3, 2010, after he had filed a "Private Administrative Remedy Demand" at the Medical Center.[1] He also claims that respondent confiscated all of his legal property, and that these actions violated his due process rights. Petitioner contends that he is entitled to release from custody as a result of the BOP's actions.

---

[1] Respondent has fully set out the implications of a "Private Administrative Remedy Demand" in its response. [Response, at 2-3]. Respondent submits that an attempt by petitioner to follow a course of action to extort his release could subject him to criminal prosecution. The record indicates that his appointed counsel advised him of this, and filed a motion to withdraw on the grounds that he was pursuing a course of action that she reasonably believed to be fraudulent or criminal. [Doc. # 18].

A review of the record indicates that petitioner, who now resides at FCI, Florence, Colorado, filed a request for administrative remedy, entitled "Private Administrative Remedy Demand. " He claimed that under the UCC, his body is a good that can be used to satisfy the debt created by the Judgment and Commitment Order in his underlying criminal case. Petitioner requested a reply within 72 hours. He advised that Warden Anderson was authorized to accept his offer to pay the debt, that his failure to do so would result in default, and that the Warden would be personally responsible to settle the claim. He also stated that he reserved the right to incorporate his "Offer of Performance" in any financial, commercial, legal or criminal proceeding, initiate a counterclaim against the Warden, or file a "claim against bond," against the Warden. Because petitioner did not attempt to informally resolved his complaint, as required, and because he submitted too many pages, the request was rejected. He was placed in administrative detention pending an investigation into the nature of his filing. According to the Attorney Advisor at the Medical Center, BOP "research and intelligence has revealed that inmates sometimes use commercial law theories based on the UCC to attempt to gain release from confinement." [Declaration of Christina Longwell, at 2]. It was further stated that "[i]n some cases, inmates have improperly used these theories to file false liens against Bureau of Prisons staff, Judges, United States Attorneys, and other federal employees. Based on the nature of Harris' remedy submission, it was determined that he was possibly taking steps to file a false lien or encumbrance against the Warden. An investigation was commenced to determine whether the contents of the demand were threatening to the Warden, and to determine whether disciplinary action was warranted." Id. As a result of the investigation, some of petitioner's property was confiscated, including manuals and forms relating to filing liens and the sovereign citizenship theory. Respondent indicates that property not relevant to the investigation was returned to petitioner shortly after commencement of the investigation. The record indicates,

additionally, that petitioner failed to exhaust administrative remedies regarding the issues alleged in the instant petition, including the alleged lock-up, the investigation, or the confiscation of his property.

Having fully reviewed the record, it is clear that petitioner has failed to exhaust administrative remedies on the issues raised herein, as he is required to do. Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974). Further, it is apparent that he has not demonstrated that he was denied access to the courts nor that he suffered any injury by the confiscation of some of his property during the investigation. Lewis v. Casey, 518 U.S. 343, 349, 351 (1996). His placement in administrative detention pending investigation into his possible misconduct did not, moreover, invoke due process rights. See Brown-El v. Delo, 969 F.2d 644, 647-48 (8th Cir. 1992). Accordingly, it must be recommended that the petition for writ of habeas corpus be dismissed without prejudice. Counsel for the petitioner has filed a Motion to Withdraw. Because there are no issues presented for which relief is appropriate, the motion is granted. [2]

Because petitioner has failed to exhaust administrative remedies and has failed to state a constitutional violation, it must be recommended that the petition herein for a writ of habeas corpus be dismissed without prejudice.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 22 of the United States District Court for the Western District of Missouri,

RECOMMENDED that petitioner be denied leave to proceed in forma pauperis and that the

---

[2] Petitioner has 14 days to file exceptions to the Report and Recommendation of the United States Magistrate Judge.

petition herein for a writ of habeas corpus be dismissed without prejudice.


                                                     /s/ James C. England  
                                                    JAMES C. ENGLAND  
                                          United States Magistrate Judge

Date:_____